UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON LEON FREEMAN,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | No. 2:17-cv-02233-TLN-AC<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 15, 2019, the magistrate judge filed findings and recommendations herein which were served on Plaintiff and which contained notice to Plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 9.) Plaintiff has filed objections to the findings and recommendations. (ECF No. 10.)

Plaintiff objects to the magistrate judge's finding that he has three strikes under 28 U.S.C. § 1915(g) on the grounds that a court within this District previously found in *Freeman v. Lynch*, No. 2:16-cv-0705 MCE CMK, 2018 WL 3388611, (E.D. Cal. July 12, 2018, adopted Sept. 17, 2018[1]) [hereinafter "*Freeman I*"], that the cases relied upon were not strikes because they were

---
[1] 2018 WL 4409131, 2018 U.S. Dist. LEXIS 158329.

dismissed by a magistrate judge when only Plaintiff had consented to magistrate judge jurisdiction. (ECF No. 10.) The decision in *Freeman I* was based upon the Ninth Circuit's opinion in *Williams v. King*, 875 F.3d 500, 504–05 (9th Cir. 2017), which held that a magistrate judge does not have authority to dismiss a case unless all parties, served or not, have consented to magistrate judge jurisdiction. *Freeman I*, 2018 WL 3388611, at *1, 2018 U.S. Dist. LEXIS 116489, at *2–3. However, *Freeman I* was decided before the Ninth Circuit issued its opinion in *Hoffmann v. Pulido*, 928 F.3d 1147 (9th Cir. 2019). In *Hoffmann*, the Ninth Circuit held that a pre-*Williams* dismissal by a magistrate judge in a case where a plaintiff had consented, and the defendants had not yet been served, can count as strikes under 28 U.S.C. § 1915(g).[2] 928 F.3d at 1150–51. In light of the decision in *Hoffmann*, the three cases identified by the magistrate judge in this case are eligible to be counted as strikes under § 1915(g).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 15, 2019 (ECF No. 9), are adopted in full; and

2. Plaintiff is ordered to pay the entire $400.00 in required fees within thirty days or face dismissal of the case.

Dated: August 29, 2019

                                                Troy L. Nunley
                                                United States District Judge

---

[2] The magistrate judge's findings and recommendations in *Freeman I* explicitly noted that "the Ninth Circuit has yet to address the impact of the failure to appeal a final order issued by a Magistrate Judge in the absence of consent by all parties on it's [sic] holding in *Williams*." 2018 WL 3388611, at *1 n.2.