# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON LEON FREEMAN, <br><br> Plaintiff, <br><br> v. <br><br> SCOTT KERNAN, et al, <br><br> Defendants. | No. 2:17-cv-02233-TLN-AC <br><br><br> **ORDER** |

This matter is before the Court pursuant to Plaintiff Travon Leon Freeman's ("Plaintiff") "Objections" to the Order adopting the Findings and Recommendations to deny his Motion to Proceed *In Forma Pauperis* (ECF No. 12.), which the Court construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). For the reasons set forth below, Plaintiff's motion is DENIED.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a state prisoner proceeding *pro se*, initiated this action on October 25, 2017. (ECF No. 1.) Plaintiff submitted a Motion to Proceed *In Forma Pauperis* with his initial Complaint. (ECF No. 2.) On July 15, 2019, the magistrate judge issued findings and recommendations finding Plaintiff to be a three-strike litigant under 28 U.S.C. § 1915(a) and recommending the Court deny his Motion to Proceed *In Forma Pauperis*. (ECF No. 9.) Plaintiff objected to the Findings and Recommendations on the grounds that a court within this District

1

previously found the cases relied upon by the magistrate judge to establish Plaintiff's three-strike litigant status were not strikes.[1] (ECF No. 10.) On September 3, 2019, this Court adopted the Findings and Recommendations in full, in light of the more recent Ninth Circuit Court of Appeals ruling in *Hoffmann v. Pulido*, 928 F.3d 1147 (9th Cir. 2019).[2] (ECF No. 11.) Plaintiff was ordered to pay the entire $400.00 filing fee within thirty days or face dismissal of the case. (*Id.*)

On October 7, 2019, Plaintiff simultaneously filed "Objections" to the Order adopting the Findings and Recommendations and a Notice of Appeal to the Ninth Circuit Court of Appeals, challenging the same. (ECF Nos. 12–13.) On November 14, 2019, the Ninth Circuit issued an Order to hold Plaintiff's appeal in abeyance pending this Court's resolution of Plaintiff's pending motion. (ECF No. 17.) Pursuant to the Order issued by the Ninth Circuit, this Court construes Plaintiff's "Objections" as a motion for reconsideration pursuant to Federal Rule of Civil Procedure ("Rule") 60(b).[3]

**I.     STANDARD OF LAW**

Under Rule 60(b), the Court may relieve Plaintiff from a final judgment, order, or proceeding "for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is

---

[1]     *Freeman v. Lynch*, No. 2:16-cv-0705-MCE-CMK-P, 2018 WL 3388611, (E.D. Cal. July 12, 2018), adopted by 2018 WL 4409131 (Sept. 17, 2018) (citing *Williams v. King*, 875 F.3d 500, 504–05 (9th Cir. 2017)) (holding that a magistrate judge does not have authority to dismiss a case unless all parties, served or not, have consented to jurisdiction under the magistrate judge).

[2]     In *Hoffmann v. Pulido*, the Ninth Circuit held that a pre-*Williams* dismissal by a magistrate judge, in a case in which a plaintiff had consented to jurisdiction under the magistrate judge and the defendants had not yet been served, can count as a strike under 28 U.S.C. § 1915(g). *Hoffmann*, 928 F.3d 1147, 1150–51 (9th Cir. 2019).

[3]     Plaintiff refers to Rule 62(b) in his Notice of Appeal (ECF No. 13) which provides that, "after judgement is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). Rule 62 is inapplicable here, and the arguments in Plaintiff's Objections suggest he seeks to move for reconsideration under Rule 60(b), which is the appropriate standard in this case.

void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

A motion based on Rule 60(b) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). With respect to subsections (1), (2), and (3), the motion must be filed "no more than a year after the entry of judgment or order or the date of the proceeding." *Id.* Rule 60(b)(6) goes further, empowering the court to reopen a judgment even after one year has passed. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). However, subsections (1) through (3) are mutually exclusive of subsection (6), and thus a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6). *Id.* (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n. 11 (1988)).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

Additionally, where the motion for reconsideration pertains to an order granting or denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

**II.    ANALYSIS**

At most, Plaintiff might seek reconsideration of the Court's Order pursuant to Rule 60(b)(1). *See* Fed. R. Civ. P. 60(b)(1)–(6); *Pioneer Inv. Servs. Co.*, 507 U.S. at 393. Plaintiff contends the Court failed to identify the applicable legal authority upon which it based its determination that Plaintiff's three prior actions constituted strikes and adopted the Findings and

3

Recommendations (ECF Nos. 9, 11).[4] (ECF No. 12 at 1–2.) Specifically, in what appears to be a preclusion argument, Plaintiff claims he only has one strike, pursuant to *Williams v. King*, because a different judge in a prior litigation determined that only one of Plaintiff's prior actions was a strike under 28 U.S.C. § 1915(g). (*Id.* at 6–8.) Therefore, Plaintiff contends, this Court did not have the authority or subject matter jurisdiction over the three cases identified as strikes such that the strike designations were improper. (*Id.* at 6–7.) Plaintiff also appears to argue that *Hoffmann v. Pulido*, which the Court relied upon in adopting the Findings and Recommendations, is not applicable to him. (*Id.* at 8.) The Court finds Plaintiff's arguments to be unavailing.

As an initial matter, the Court notes Plaintiff fails to provide any new arguments, new or different facts, or new circumstances to meet the threshold for reconsideration, including the requirement set forth under Local Rule 230(j). E.D. Cal. L.R. 230(j)(3)–(4). Indeed, Plaintiff's argument that his prior cases do not constitute strikes pursuant to *Williams v. King* is essentially the same argument he made in his Objections to the Findings and Recommendations. (*See* ECF No. 10); *see also United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before."). For these reasons alone, Plaintiff's motion must be DENIED.

Moreover, Plaintiff's attempts to relitigate the issue of whether his prior cases should have been dismissed for "failure to state a claim" (*see* ECF No. 12 at 2–6, 8–10) are unavailing. Simply put, each of Plaintiff's cases was dismissed for failure to state a claim or failure to file an amended complaint following the dismissal of the original complaint for failure to state a claim,

---

[4] Plaintiff also contends the District Judge "couldn't have possibly conducted a *de novo* review of Plaintiff's case in its entirety '(not in today's obvious[ly] now meaningless prisoner litigation)' area" (ECF No. 12 at 2), then proceeds to lecture the Court on how to properly conduct "litigation '(101)'" (*id.* at 3–4). Plaintiff also asserts that 28 U.S.C. § 1915(g) is "useless on its face" and therefore cannot be relied upon to determine whether a prior lawsuit was dismissed for failure to state a claim for purposes of declaring a plaintiff a three-strikes litigant. (*Id.* at 5–6, 8). Presumably, Plaintiff asserts these contentions in support of his argument that the Court committed an error of law when it found Plaintiff's three prior actions constituted strikes. The Court declines to address these contentions, however, as they are entirely baseless.

4

and the time to appeal these determinations has passed.[5] *See Harris v. Mangum*, 863 F.3d 1133, 1142–43 (9th Cir. 2017) (dismissal counts as a strike under 28 U.S.C. § 1915(g) when a court dismisses a complaint on the ground that it fails to state a claim, grants leave to amend, and the plaintiff fails to file an amended complaint). Plaintiff's contention that *Williams v. King* precludes qualifying his prior cases as strikes because they were dismissed by a magistrate judge before all parties could consent to jurisdiction is the exact argument the Ninth Circuit reviewed and rejected in *Hoffmann v. Pulido*. *Hoffmann*, 928 F.3d at 1150–51. Indeed, as the Ninth Circuit noted, Plaintiff "cannot escape the consequences of the prior judgment . . . through an untimely collateral attack." Therefore, the Findings and Recommendations (ECF No. 9) and this Court's Order (ECF No. 11) properly found that each of Plaintiff's prior cases qualifies as a strike under 28 U.S.C. § 1915(g).

In moving for reconsideration, Plaintiff identifies no legal authority in support of any of his contentions, most notably the contention that *Hoffmann* is inapplicable to him, that this Court lacked authority to review his prior actions under 28 U.S.C. § 1915(g), or that Plaintiff's prior actions were improperly dismissed for "failure to state a claim." Accordingly, the Court properly declared Plaintiff to be a three-strikes litigant and denied his request to proceed *in forma pauperis*. For this reason as well, Plaintiff's Motion for Reconsideration must be DENIED.

### III. CONCLUSION

Plaintiff has failed to articulate new facts or circumstances to satisfy the requirements set forth under Rule 60 and Local Rule 230(j). Moreover, the Court has carefully reviewed the entire file, including Plaintiff's prior cases supporting the finding that Plaintiff is a three-strikes litigant, and still finds the Findings and Recommendations (ECF No. 9) to be supported by the record and

---

[5] Plaintiff's prior actions consist of: (1) *Freeman v. Adams*, No. 1:09-cv-02129-SKO (E.D. Cal. Apr. 18, 2011) (order dismissing action following failure to file amended complaint, where original complaint was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A, and counting dismissal as strike under 28 U.S.C. § 1915(g)); (2) *Freeman v. Hynse*, No. 1:09-cv-02146-GBC (PC) (E.D. Cal. Jan. 13, 2012) (order dismissing action following failure to file amended complaint, where original complaint was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A); and (3) *Freeman v. Julious*, No. 1:09-cv-02245-DLB, 2011 WL 1748580 (E.D. Cal. May 6, 2011) (order dismissing action for failure to state a claim pursuant to 28 U.S.C. § 1915A, and counting dismissal as strike under 28 U.S.C. § 1915(g)).

by proper analysis. Plaintiff's arguments lack any legal basis and Plaintiff's reassertion of prior arguments previously submitted before this Court is unpersuasive. Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 12) is DENIED.

IT IS SO ORDERED.

Dated: February 3, 2020

Troy L. Nunley
United States District Judge